THOMAS H. DeVEAUX v. WILLIAM E. CLEMENS.

1. ACTION TO RECOVER A PENALTY UNDER SEC. 4426-2, REV. STAT.
     In an action to recover a penalty under sec. 4426-2, Rev. Stat., the rule that the defendant is entitled to meet the witnesses face to face, does not prevent the use of a stenographer's notes of the testimony of a witness given at a former trial and who is now beyond the jurisdiction of the court.

2. PREPONDERANCE OF EVIDENCE IS SUFFICIENT TO AUTHORIZE A RECOVERY.
     In such case a preponderance of the evidence is sufficient to authorize a recovery, though this act complained of was also punishable criminally.

3. REVERSAL OF JUDGMENT ON GROUND THAT LEADING QUESTIONS WERE ASKED.
     A judgment will not be reversed on the ground that leading questions were asked, where the record shows that the questions and answers were not in any wise prejudicial to the other party.

ERROR to the Court of Common Pleas of Lucas county.

KING, J.

Clemens brought suit against DeVeaux before a justice of the peace to recover a penalty provided for by sec. 4426 Rev. Stat. The preceding section provides in substance that all persons in this state "shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, eating-houses," etc., "subject only to the conditions and limitations established by law applicable alike to all citizens." And this sec. 2 provides that any person who violates the first section "by denying to any citizen, except for reasons applicable alike to all citizens of every race and color   *   *   *   the full enjoyment of any of these accommodations and privileges   *   *   *   or by aiding or inciting such denial, shall, for every such offense, forfeit and pay a sum not less than $50 nor more than $500 to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed." It further provides that he may be prosecuted and convicted of a misdemeanor, and fined these sums or imprisoned a period of time; and provided further that a prosecution and judgment in either form of action will be a bar to the other. This suit was brought to recover the penalty provided in that respect. It resulted on appeal to the court of common pleas in a verdict for the plaintiff below for the sum of $50. It is claimed that error intervened in that case in two or three particulars.

On the trial the testimony of a witness who had appeared and testified at the former trial but who on this trial was not present, was taken and used through the notes of the stenographer. It is argued as objection to this, first, that there was no proper or sufficient showing that authorized under the statute, sec. 5242a Rev. Stat., the admission of this testimony; and second, that the nature and form of this section was criminal, and that the defendant was entitled to meet the witnesses against him face face. under the provision of the bill of rights of the Ohio state constitution. The statute as recently amended, provides that whenever a witness after testifying orally, die, or is beyond the jurisdiction of the court, and the testimony so used cannot be obtained in any manner, the stenographer's minutes of the testimony taken at the preceding trial are admissible in evidence.   There was appended to the minutes or the notes of the stenographer an affidavit which recited that this witness was beyond the jurisdiction of the court. As the affidavit was filed under the statute, it must be held to have been sufficient to authorize the court of common pleas to admit the testimony, and to hold that the testimony under those circumstances would be competent.   This section, except for the innovation it contains as regards stenographer's notes and minutes of the testimony of witnesses taken on a former trial, is nothing new in the practice of the law.   It is an old and well settled principle of law that the testimony of a witness given at a former trial between the parties, and upon the same subject-matter, in the absence of that witness beyond the jurisdiction of the court, or his death, may be offered in evidence.   Under the laws of Ohio he could have his deposition taken, of course.   A deposition is the proper form of introducing that testimony in evidence. But it is claimed to the court here that the defendant was entitled to meet his witnesses face to face, even if he were present.   That would, I think, be answered by the reasoning of the court in the case of Summons v. State, 5 O. S., 325 and 340.   That was a criminal case, where the defendant was prosecuted by an indictment for the crime of murder, and there the testimony of a witness was offered that had been used in the same

case at a former trial. Of course in those days they had to prove it largely by the testimony of witnesses who heard the witness testify. They say that does not violate the provision of the constitution that one v.ho is charged with crime should meet his witnesses face to face. It is admittedly one of the exceptions to the principal as to the admissibility of evidence, and arises from the necessities of the case—the inability to procure the evidence of the witness by any other means. That case would answer the charge that the defendant here was entitled to meet the witness face to face, and I need not say anything more about it.

It is contended further that the court charged the jury that a preponderance of evidence was sufficient to authorize the plaintiff to recover. It is strenuously urged that this is a charge of a crime, or that which might constitute a crime; for the statute creating the offense provides that it may be prosecuted either in the criminal or civil courts; and that the charge would be the same in one event as in the other. It has been held in many cases by the Supreme Court of Ohio that in actions to recover damages based on offenses that otherwise would be criminal, a preponderance of evidence is sufficient to authorize the plaintiff to recover. A number of those cases can be found: Jones v. Greaves, 26 O. S., 2; Shaul v. Norman, 34 O. S., 157; Lyon v. Fleahmann, 34 O. S., 151; Bell v. McGinness, 40 O. S., 204. It has been held among these that prosecutions to recover damages for the illegal sale of intoxicating liquors, prosecutions to recover damages for the unlawful and malicious destruction of property, are alike governed by the same rules of evidence that apply in other civil cases. It is also well settled that in prosecutions in bastardy and in cases of a like nature, a preponderance is sufficient, although in those cases the form of the verdict is simply "guilty," and the amount of the penalty is fixed by the court and not by the jury. In this case the amount of the penalty is fixed by the jury within the limits of the statute, and not by the court. We are unable to find any authority which would sustain us in holding that the plaintiff should be required to prove his case beyond a reasonable doubt, in a case like this, to authorize a verdict in his favor.

In the course of the trial there were some questions asked which it is claimed were leading. To some extent the permission to ask leading questions is within the discretion of the court. A case will not be reversed on that ground unless an abuse of that discretion is shown, and especially where the record shows that the questions and answers were not in any wise prejudicial to the defendant. We do not think they were prejudicial in this case, and an examination of the record does not disclose any error for which the judgment should be reversed. It will therefore be affirmed.

*Southard & Southard*, for plaintiff in error.

*E. O. King*, for defendant in error.